IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN DAVIS, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-639-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On April 9, 2010, Petitioner entered an open plea of guilty to the charge of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. *See United States v. Davis,* Case No. 09-cr-40088-GPM (Doc. 21).

On July 19, 2010, the undersigned Judge sentenced Petitioner to 120 months imprisonment, eight years supervised release, a fine of $300, and a special assessment of $100. Judgment was entered on July 22, 2010 (Doc. 30 in criminal case). Petitioner did not file a direct appeal, nor did he apply for a writ of certiorari to the Supreme Court of the United States. His § 2255 motion was timely filed on July 25, 2011.[1] Petitioner also filed a motion to supplement his § 2255 motion with

---

[1] The July 22, 2010, judgment became final on September 20, 2010, upon the expiration of the time for Petitioner to appeal, which was 60 days from the time the judgment was entered. FED. R. APP. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days after entry of the judgment if one of the parties is the United States); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) (for defendant who does not file petition for writ of certiorari on direct review, one-year limitation period for filing § 2255 motion starts to run when the

additional argument, on September 19, 2011 (Doc. 3). The Court **GRANTS** Petitioner's motion, and shall consider the matters raised therein below.

In his § 2255 motion and supplement, Petitioner raises seven grounds for relief, four of which allege ineffective assistance on the part of his trial counsel. Initially, Petitioner asserts that his attorneys failed to file a Notice of Appeal, despite his request that they do so. (Doc. 1, p. 4). In addition, counsel failed to attack the 21 U.S.C. § 851 enhancement of Petitioner's sentence from a five year minimum to a ten year mandatory minimum; failed to contest the constitutionality of his prior convictions pursuant to § 851(c)(2); and failed to argue that one of his prior offenses, on which he served only six months, should not count as a "felony drug offense" under 21 U.S.C. § 802(44) (Doc. 1, pp. 5, 9; Doc. 3). He further claims that the Court failed to inquire of him whether he affirmed or denied his prior convictions pursuant to § 851(b); that his sentence was wrongly enhanced based on inaccurate information provided by the Government; and that the Assistant U.S. Attorney enhanced his mandatory minimum sentence as punishment because he refused to cooperate (Doc. 1, pp. 6, 8-9).

In Petitioner's case, although he pled guilty, the open plea did not include any waiver of the right to appeal or to collaterally attack his conviction. In fact, he was admonished in open court that the Clerk of Court could file a notice of appeal on his behalf (an offer he declined) (Doc. 34, p. 8). Thus, the guilty plea presents no barrier to the consideration of his § 2255 motion.

**Disposition**

Petitioner's motion to supplement (Doc. 3) is **GRANTED.**

---

time for seeking Supreme Court review expires). Therefore, Petitioner had one year from September 20, 2010, to file his § 2255 motion. 28 U.S.C. § 2255(f)(1).

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: April 27, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
