IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-CV-639-GPM |
| ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 09-40088-GPM |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Steven Davis's ("Petitioner") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner's motion is based on claims of ineffective assistance of counsel, a 21 U.S.C. § 851(b) violation, a due process violation, and prosecutorial vindictiveness. Generally, Petitioner contends he was denied effective assistance of counsel because his attorneys failed to file a notice of appeal as instructed, failed to rebut the Government's argument for enhanced sentence under 21 U.S.C. § 851(a)(1), failed to amend the Court's clerical mistakes, and failed to contest the constitutionality of Petitioner's prior convictions. Petitioner further alleges the Court failed to follow proper procedure under 21 U.S.C. § 851(b), that his due process rights were violated because his sentence was based upon inaccurate information, and, finally, that the Government vindictively prosecuted him for refusing to cooperate. The Government responded to Petitioner's motion as ordered by this Court.

**Background**

On December 16, 2009, Petitioner was charged in a one-count indictment with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (Crim. Doc. 1). On December 29, 2009, Attorney Burton Shostak was appointed to represent Petitioner (Crim. Doc. 13, 14). On March 19, 2010, the Government filed an information to establish prior conviction (Crim. Doc. 20). On April 9, 2010, Petitioner entered his guilty plea before Magistrate Judge Philip Frazier (Crim. Doc. 21-25). This Court accepted the Report and Recommendation of Judge Frazier and adjudged Petitioner guilty on July 19, 2010 (Crim. Doc. 34, p. 2). The sentencing hearing was held on July 19, 2010. Because of a medical issue, Grant Shostak, Burton Shostak's partner and son, represented Petitioner at the sentencing (Crim. Doc. 34). This Court sentenced Petitioner to 120 months imprisonment and 8 years supervised release with imposed fines and assessments totaling $400 (Crim. Doc. 28). Written judgment was issued on July 22, 2010 (Crim. Doc. 30). No appeal was filed in this matter.

On July 25, 2011, Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Civ. Doc. 1). His motion was timely filed, as it was mailed on July 18, 2011. Petitioner argues his sentence should be vacated, set aside, or corrected because: (1) his counsel was ineffective for failing to file a notice of appeal; (2) his counsel was ineffective because he failed to attack the 21 U.S.C. § 851 enhancement factors, and clerical mistakes were not amended prior to sentencing; (3) pursuant to 21 U.S.C. § 851(b) the court failed to inquire whether he affirmed or denied the convictions alleged in the 21 U.S.C. § 851 information; (4) his due process rights were violated because his sentence was based upon inaccurate information; (5) his counsel was ineffective by failing to contest the constitutionality of his prior convictions pursuant

to 21 U.S.C. § 851(c)(2); and (6) the Assistant U.S. Attorney vindictively prosecuted him because he chose to remain silent (Civ. Doc. 1).

An evidentiary hearing was ordered by this Court on Petitioner's claim that his attorneys failed to file a notice of appeal (Civ. Doc. 16). Prior to the evidentiary hearing, Petitioner filed an *ex parte* motion requesting phone records (Civ. Doc. 24). Petitioner's motion was denied (Civ. Doc. 28). The evidentiary hearing was held on November 4, 2013. Petitioner appeared in person via teleconference, and was represented by appointed counsel. In addition to Petitioner's testimony, the Court heard testimony from attorneys Melissa Day, Burton Shostak, and Grant Shostak. This Court assessed the credibility of each witness, and found Petitioner's credibility lacking. This Court concluded Petitioner did not request his attorneys to file a direct appeal. Therefore, a habeas petition is the appropriate procedural vehicle, and this Court will now make findings on the merits of Petitioner's remaining § 2255 claims. For the foregoing reasons, Petitioner's motion is DENIED on all grounds.

### Analysis

#### I.     Legal Standard

Relief under section 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), *cert denied*, 551 U.S. 1132 (2007). Accordingly, habeas relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). "To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the

sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.*

## II. Ineffective Assistance of Counsel for Failure to File A Notice of Appeal

At the evidentiary hearing on this issue, this Court found Petitioner's credibility lacking. Petitioner hesitantly admitted to prior convictions, his testimony about requesting an appeal was contradicted by attorneys Burton Shostak and Grant Shostak, and the Federal Public Defender had no record or recollection of Petitioner's calls. Although Petitioner claims he requested an appeal the day of sentencing, the sentencing hearing record shows Petitioner answered "no" when asked if he wanted to file an appeal (Crim. Doc. 34, p. 8). Petitioner's testimony that he requested Grant Shostak to file an appeal after the sentencing hearing was contradicted by Grant Shostak's testimony at the hearing. Finally, as the Government pointed out, Petitioner waited nearly one year to file this motion although Petitioner admitted to knowing a direct appeal was not filed shortly after his sentencing hearing in 2010. Consequently, this Court finds Petitioner never requested an appeal and he has no ground for habeas relief.

## III. Ineffective Assistance of Counsel for Failing to Attack 851 Enhancement

In order to show ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner must satisfy a two-pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Id.* at 688, 694. Here, Petitioner claims his attorney ineffectively assisted him because Attorney Grant Shostak failed to attack the 851 enhancement information as false, invalid, and unconstitutional. However, Petitioner's claim

does not satisfy either prong of the Strickland test. The sentencing record is clear that Petitioner's attorney did object to the 851 enhancement on double jeopardy grounds (Crim. Doc. 34, p. 4). Counsel's representation was not deficient. Moreover, Petitioner does not allege which charges of his 851 enhancement are invalid or false. Even if this Court found Petitioner's counsel was unreasonable, Petitioner fails to show the proceeding would have been different but-for counsel's ineffective assistance. In fact, Petitioner fails to allege prejudice entirely.

### IV.     21 U.S.C. § 851(b) Violation

Petitioner claims this Court failed to inquire of him whether he affirmed or denied convictions alleged in the 851 information, and that failure violated of 21 U.S.C. § 851(b). 21 U.S.C. § 851(b) states:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

The Seventh Circuit's decision in *U.S. v. Williams*, 298 F.3d 688 (7th Cir. 2002) controls here. In *Williams*, the petitioner brought an appeal claiming, in part, that the district court erred under 21 U.S.C. § 851(b) by failing to inquire of him whether he affirmed or denied the previous convictions alleged in the information. *Id.* The Seventh Circuit found the lower court's error harmless because 1) the record established that the government's pretrial information informed Williams of the likelihood of the enhancement and the PSR explicitly disclosed the bases for the enhancement; 2) Williams did not challenge the prior convictions at sentencing even when the government raised the issue; and 3) Williams failed to comply with sec. 851(c), which provides the procedures for

challenging prior convictions used for enhancement purposes. *Id.* at 693.

Similarly here, the record establishes that the government's pretrial information informed Petitioner of the enhancement (Crim. Doc. 20). Moreover, the PSR explicitly disclosed the bases for the enhancement (Crim. Doc. 20, p. 3–4). Petitioner did not challenge the prior convictions at the sentencing. The sentencing record shows this Court asked Petitioner whether there was anything he would like to say before sentencing (Crim. Doc. 34, p. 5). Although Petitioner made a statement, no mention was made in regards to his enhancement being false or invalid. Finally, just as in *Williams*, Petitioner failed to comply with section 851(c). Nowhere in the criminal record is there evidence of Petitioner's response to the information to establish prior convictions. Any error was harmless and provides no grounds for § 2255 relief.

## V. Due Process Violation

Petitioner claims his due process rights were violated because the Court enhanced his sentence based on inaccurate information. Again, he does not state which information was allegedly inaccurate. He failed to raise any such argument in response to the filed-§ 851 enhancement—at sentencing or on appeal. His complaint is procedurally defaulted and without merit.

## VI. Ineffective Assistance of Counsel for Failing to Contest the Constitutionality of Prior Convictions

Petitioner contends his attorney Grant Shostak was ineffective because he failed to contest the constitutionality of his prior convictions. However, as previously addressed, Petitioner's attorney clearly did raise that argument on Petitioner's behalf. Specifically, Petitioner's attorney stated, "…I've asked leave to make an objection on double jeopardy

grounds. The law is against us on that, but I would like to make that objection if the Court would allow us to do so" (Doc. 34, p. 4). Petitioner's counsel then elaborated, "Mr. Davis, because of the minimum mandatory, is, basically, being punished again for a previous felony for which he has already been punished" (Doc. 34, p.4). The record contradicts Petitioner's claim.

Petitioner complains that his counsel in his previous convictions were ineffective because he was advised to accept guilty pleas in those cases. Petitioner contends that if his prior counsel had been effective, he would not have been convicted of those crimes, and his sentence in this case would not have been enhanced. These allegations are beyond the bounds of this habeas motion and provide no basis for relief.

## VII. Prosecutorial Vindictiveness

Petitioner also claims the Government enhanced his sentence vindictively after he refused to proffer. As the Government pointed out at the sentencing hearing, Petitioner was eligible for the Safety Valve exception. Congress enacted the safety valve statute, 18 U.S.C. § 3553(f), to allow certain non-violent first-time drug offenders to avoid the application of statutory mandatory minimum sentences, if they cooperated with the government. *United States v. Alvarado*, 326 F.3d 857, 860 (7th Cir. 2003); *see also* 18 U.S.C. § 3553(f)(5). The Court credits the Government's assessment of whether cooperation was forthcoming—it was not here.

## Conclusion

For the foregoing reasons, Petitioner's motion for relief under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

**DATED**: November 7, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge